

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIJUAN QIAO, | No. 16-71676 |
| Petitioner, | Agency No. A201-040-105 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 9, 2019**
Pasadena, California

Before:  RAWLINSON, BENNETT, and BADE, Circuit Judges.

Petitioner Lijuan Qiao (Qiao), a Chinese native and citizen, petitions for

review of the decision of the Board of Immigration Appeals (BIA) dismissing her

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal of the denial of asylum and withholding of removal.[1]  Qiao contends that substantial evidence does not support the adverse credibility determination made by the immigration judge (IJ).

Substantial evidence supports the adverse credibility determination.  "Under the REAL ID Act, which applies here, there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on the totality of the circumstances and all relevant factors." *Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (citation and internal quotation marks omitted).

As the BIA correctly recognized, Qiao testified that Chinese authorities came to her sister-in-law's residence in search of her daughter, who was arrested in October, 2007, for attending unauthorized religious services.  According to Qiao, the authorities arrived at her sister-in-law's residence "[t]he first day after [her] daughter was arrested," and "the police only approached [Qiao] when [Qiao was] living at [her] sister-in-law's house."  However, Qiao's daughter was already in the United States when Qiao and her husband purportedly moved into her sister-in-law's residence in 2009, two years after her daughter's arrest in 2007.  This

---

[1]  Qiao waived her appeal of the denial of her claim pursuant to the Convention Against Torture by failing to address it in her opening brief. *See Bingxu Jin v. Holder*, 748 F.3d 959, 964 n.2 (9th Cir. 2014).

inconsistency is sufficient to support the adverse credibility determination. *See id.*

Additionally, the BIA properly relied on Qiao's inconsistent testimony concerning the date of her daughter's arrest in concluding that Qiao was not credible. Qiao testified that her daughter was arrested in 2007, but related in her asylum statement that her daughter was arrested in 2009. This inconsistency is relevant because Qiao asserted in her asylum statement that she fled to the United States and sought asylum in part because Chinese authorities "kept harassing [her]" after her daughter's arrest. *See id.* (articulating that "[t]he IJ may also consider inconsistencies between the petitioner's statements and other evidence of record") (citation omitted).[2]

**PETITION DENIED.**

---

[2] Because the adverse credibility determination was supported by substantial evidence due to Qiao's inconsistent testimony, we need not and do not address Qiao's contention that the BIA erred in holding that she failed to sufficiently corroborate her asylum claim.